LBROWN, J.,
dissenting.
Exclusionary provisions in insurance contracts are strictly construed against the insurer and any ambiguity is resolved in favor of the insured. Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991).
The majority states that “the word ‘vermin’ is not specifically defined anywhere in the policy, and we are unaware of any established meaning in the law of insurance.” Dictionaries cited by the majority list insects, rats, mice, squirrels and other noxious or disgusting creatures as vermin; however, the courts have generally rejected classification of raccoons and squirrels as vermin. The majority states that what is unambiguously vermin “is a case-by-case inquiry.”
The majority, in search of what the insurer, who drafted the policy, intended vermin to mean, asks what the drafter “should have” meant, which inevitably leads to what the majority believes the word “ought to” mean.
In the dictionary of my youth, matinee cowboy sidekicks like Gabby Hayes were very clear about the meaning of vermin. To them, vermin were the bad guys, like land grabbers, cattle rustlers, bank robbers, etc. Such folks were vermin and polecats.
Let the insurer define vermin. Courts should not have to look for a meaning on a case-by-case basis. We should not say *1076 what it “ought to” mean and should let the church recover for the damage to its organ.